# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HOPE SURROGACY, INC., | |
| Plaintiff, | Case No. 20-cv-1028 |
| v. | |
| CARRYING HOPE SURROGACY, LLC, | |
| Defendant. | |

## RESPONSE TO MOTION TO DISMISS

Plaintiff brought this suit against Defendant after Defendant's ongoing infringement of Plaintiff's federal registered trademark caused actual confusion in this judicial district. Defendant moved to dismiss the complaint, relying on testimony about its contacts with Wisconsin and this district. While the confusion Plaintiff experienced in this judicial district suggests that it would be fair for Defendant to answer to this Court, Plaintiff is not opposed to addressing these issues in Defendant's home jurisdiction and requests that this Court transfer this case to the Western District of North Carolina to serve the interests of justice.

## FACTS

A leading provider of gestational surrogacy matching, consulting, and case management services, Plaintiff Hope Surrogacy, Inc. offers its services across the United States under the name HOPE SURROGACY. Plaintiff extensively uses and promotes its services under the HOPE SURROGACY mark. As a result of Plaintiff's efforts, consumers and medical service providers across the country recognize HOPE SURROGACY as identifying Plaintiff and its services. Plaintiff owns two federal trademark registrations for its HOPE SURROGACY mark, Registration Nos. 5,971,603 and 5,971,607. [D.1, ¶¶ 12-17.]

Defendant Carrying Hope Surrogacy LLC directly competes with Plaintiff. After Plaintiff adopted its HOPE SURROGACY mark, Defendant adopted the confusingly similar mark CARRYING HOPE SURROGACY. Defendant offers services under CARRYING HOPE SURROGACY that are identical to those offered by Plaintiff under its federally registered HOPE SURROGACY mark. Defendant markets its services to the same consumers as Plaintiff, using the same channels of trade. [D.1, ¶¶ 4, 18-25.]

Unsurprisingly, actual confusion occurred. For example, a consumer called Plaintiff when they intended to call Defendant, and Plaintiff mistakenly received sensitive, confidential medical records intended for Defendant. At least some of the actual confusion arising from Defendant's ongoing infringement of Plaintiff's federally registered HOPE SURROGACY mark is occurring in Wisconsin. Plaintiff therefore brought suit in Wisconsin. [D.1, ¶¶ 9, 26-27.]

In response to Plaintiff's complaint, Defendant moved to dismiss the complaint for lack of personal jurisdiction and improper venue. [D.10; D.11.] In support of Defendant's motion, one of its owners testified that Defendant, its principles, and its employees do not have a presence in Wisconsin and are not targeting their efforts towards Wisconsin. [D.12, ¶¶ 5-9, 12-16.] This is surprising considering the actual confusion Plaintiff is experiencing in Wisconsin.

While jurisdictional discovery could indicate that Defendant does, indeed, have sufficient contacts with Wisconsin such that jurisdiction and venue is proper, it is in the best interest of all parties to quickly resolve this matter on the merits. Plaintiff, therefore, requests the Court to transfer this case, pursuant to 28 U.S.C. § 1631, to the Western District of North Carolina.

## ARGUMENT

If a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action…to any other such court…in which the action…could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see also Christianson v. Colt. Indus.*

*Operating Corp.,* 486 U.S. 800, 818 (1988) (federal court may transfer case to cure jurisdiction). Thereafter, "the action…shall proceed as if it had been filed in or noticed for the court to which it is transferred." 28 U.S.C. § 1631.  This district transfers cases pursuant to § 1631 to serve the interests of justice. *See, e.g., Ludholz v. Puckett*, 2003 U.S. Dist. LEXIS 27493 (W.D. Wis. 2003) (transferring case to Oklahoma to cure want of personal jurisdiction).

Plaintiff brought suit in this jurisdiction in good faith.  Actual confusion is occurring in this judicial district and Plaintiff is suffering injury in this judicial district.  In light of the confusion Plaintiff was experiencing, Plaintiff reasonably believed that Defendant was actively directing its services into Wisconsin.  Plaintiff did not learn that this may not be the case until Defendant filed the declaration from one of its owners. [D.12.]  It appears that Defendant's use of a mark that fully encompasses Plaintiff's mark to offer identical services is so confusing that Defendant did not need to try to target Wisconsin to cause confusion in the state.

Ongoing confusion is not good for Plaintiff, Defendant, or consumers.  Already, as a result of this confusion, confidential medical records were shared with a party who should not have had access to them.  Consumers should be able to identify who they are dealing with and reach the organization with whom they intend to do business, free from confusion.  Resolving the confusion as quickly and efficiently as possible protects not just Plaintiff's rights, but the consumers and medical providers who are at risk of being confused due to Defendant's acts.  It is in the interest of justice, therefore, to transfer this case.

Defendant's owner testified that Defendant is organized under the laws of the state of North Carolina with a principal place of business in Brevard, North Carolina. [D.12, ¶ 3.] She further testified that she carries out Defendant's business activities from this location. [*Id*. at ¶ 5.] Given this, there can be no question that Defendant is subject to personal jurisdiction in the Western

District of North Carolina, where Brevard is located. *Ningbo Beter Lighting Co. v. Unique Arts, LLC,* 2015 U.S. Dist. LEXIS 145978, *7 (W.D. Wis. Oct. 28, 2015) (finding personal jurisdiction proper over limited liability company with its principal place of business in state). Similarly, as Defendant's office is in the Western District of North Carolina and it carries out its activities in that district, venue would also be proper in the Western District of North Carolina. 28 U.S.C. § 1391 (venue proper in district where defendant resides).

## CONCLUSION

In light of the foregoing, Plaintiff requests this Court transfer this case to the Western District of North Carolina.

Dated this 5th day of April, 2021.

Respectfully submitted,

**MICHAEL BEST AND FRIEDRICH LLP**

By: */s/Laura M. Konkel*
Laura M. Konkel, SBN 1078880
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
Tel. (608) 257-3501
Fax (608) 283-2275
Email: lmkonkel@michaelbest.com

Laura Lamansky, SBN 1101487
790 North Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Tel. (414) 271-6560
Fax (414) 277-0656
Email: llamansky@michaelbest.com

*Attorneys for Plaintiff Hope Surrogacy, Inc.*